**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1    Charmaine      Sylvany      Jackson
           First Name      Middle Name      Last Name

Debtor 2
(filing spouse)   First Name      Middle Name      Last Name

Case Number: 16-10019

☐ Check if this modification is filed prior to filing of TRCC.

☐ Check if this modification is filed after TRCC filing but still within Benchmark Fee Period

☒ Check if this modification is filed after Benchmark Fee Period.

List the sections which have been changed by this modification:

Section 2.2: Payments

Section 3.2: Adding post-petition arrears

Part 8: Increasing tax refunds

Paragraph 5: adding attorney's fees for Modification and Stay Litigation

**TXEB Local Form 3015-d**

# AMENDED MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

.................................................................................................................................................................Adopted: Dec 2017

**TO THE HONORABLE JUDGE OF THIS COURT:**

1. This Motion to Modify Previously-Confirmed Chapter 13 Plan (the "Modification Motion") is filed by the:

    ☒ **Debtor;**[1]      ☐ **Chapter 13 Trustee;**

    ☐ **Unsecured Claimant:**

    for the purpose of modifying certain specified provisions of that Chapter 13 Plan, **[dkt #12]** which had previously been confirmed for the Debtor on **June 6, 2016 [dkt #18]**. Except as modified herein, all provisions of the confirmed Chapter 13 Plan remain in full force and effect.

    If this Motion is filed by the Debtor, each Debtor:

    ☐ certifies that an amended Schedule I and Schedule J have been filed contemporaneously with this motion;

    ☐ declares, under penalty of perjury, that the information contained in Schedule I and Schedule J, as previously filed with the Court, remains true and correct.

    <u>**28-DAY NEGATIVE NOTICE** − **LBR 3015(h):**</u>

    **Your rights may be affected by the plan modifications sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

Debtor  Charmaine Sylvany Jackson                         Case number  16-10019

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-EIGHT (28) DAYS FROM DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order confirming this plan modification. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

---
1 The use of the singular term "Debtor" in this Modification Motion includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

2. This Modification Motion is required *[select all applicable]*:

    ☐ to reconcile the Plan with allowed claims pursuant to the TRCC;

    ☒ to increase the amount of payments required under the Plan;

    ☐ to reduce the amount of payments required under the Plan;

    ☐ to provide for an allowed claim omitted from treatment under the Plan;

    ☐ to extend the time for making payments required under the Plan;

    ☐ to reduce the time for making payments required under the Plan;

    ☐ to surrender collateral pursuant to § 3.6;

    ☐ to cease further plan disbursements to a particular claimant;

    ☒ to cure a delinquency in the plan payments caused by  **miscalculation in payments remitted**

    ☒ to increase the amount of retained income tax refunds authorized under § 2.4;

    **Reason:**  **the Debtor is a single Debtor and tax refunds assist her in her yearly finances**

    ☒ to seek approval of an additional award of attorney's fees to the Debtor's attorney;

    ☒ Other:  **Adding post-petition payments to the mortgage company**

    ☒ to add a nonstandard provision to Part 8 of the Plan *[check box below]*;

3. **Notice to Creditors**: Regarding insertion of new Nonstandard Provision into Debtor's Plan:

| **Nonstandard provisions as set forth in Part 8.** | ☒ **Included** | ☐ **Not Included** |
|---|---|---|

4. The specific modifications to the Debtor's Plan are as follows**:**

    ☒ **§ 2.2** of the Plan regarding regular plan payments [2] is **MODIFIED** in the following respects:

    Beginning on the 30th day after the Petition Date [3] unless the Court orders otherwise, the Debtor will make regular payments to the Trustee in variable amounts throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "Plan Term"). The payment schedule shall consist of:

    ☐ **Constant Payments**: The Debtor will pay $_____ per month for _____ months.

☑ **Variable Payments**  The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

If plan payment amounts are increasing, the Debtor certifies that, with regard to **§ 2.3** of the Plan,

☐ a Motion for an Amended Wage Withholding Order for the increased payment amount has been filed;

☑ an increase of the amount to be transferred to the Trustee by electronic means has been authorized.

---

[2] Any reference to § 2.2 of the Plan herein includes any payments designated and confirmed under ¶ 2 of the 2006 version of TXEB Local Form 3015-a.

[3] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☐ **None.**  No additional Cure Claims designated for treatment under **§ 3.2** of the Plan [4]

☐ **No Remaining Claims.**  All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.

☑ **Revised/Additional Cure Claims.**  **§ 3.2** of the Plan regarding the treatment of Cure Claims is **MODIFIED** in the following respects; provided, however, that to the extent that any Cure Claim added hereto is composed of a post-petition mortgage arrearage, the payment of any such arrearage shall be deferred until such time as the Claimant files an amended proof of claim to quantify the amount of the post-petition arrearage and, in any event, unless the Court specifically orders otherwise, such payment shall be subordinated to the existing payment rights of junior classes under the Debtor's previously-confirmed Chapter 13 Plan:

| Claimant | Collateral/Property Description | Debtor's DPO Amount | Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| US Bank Trust National Assoc.<br><br>☐ Revised Claim<br>☐ Additional Claim | 3715 8th Avenue, Port Arthur, Texas 77642 | _____ | _____ | _____ | _____<br><br>☐ Trustee should suspend plan payment | _____ |

☑ **None.**  No additional 910 Claims designated for treatment under **§ 3.3** of the Plan. [5]

☑ **None.**  No additional 506 Claims designated for treatment under **§ 3.4** of the Plan [6]

---

[4] Any reference to § 3.2 of the Plan herein includes any payments designated and confirmed under ¶ 6(B) or ¶ 8 of the 2006 version of TXEB Local Form 3015-a.

[5] Any reference to § 3.3 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(a) of the 2006 version of TXEB Local Form 3015-a.

[6] Any reference to § 3.4 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(b) of the 2006 version of TXEB Local Form 3015-a.

☑ **None.** No additional Direct Claims designated for treatment under **§ 3.5** of the Plan. [7]

☑ **None.** No additional designations for surrender of collateral under **§ 3.6** of the Plan. [8]

Debtor  Charmaine Sylvany Jackson                                    Case number   16-10019

☑ **None.** No additional DSO Claims designated for treatment under **§ 4.4** of the Plan. [9]

---

[7.] Any reference to § 3.5 of the Plan herein includes any payments designated and confirmed under ¶ 12(B) of the 2006 version of TXEB Local Form 3015-a.

[8] Any reference to § 3.6 of the Plan herein includes any designations for surrender of collateral under ¶ 6(C) of the 2006 version of TXEB Local Form 3015-a. .

[9] Any reference to § 4.4 of the Plan herein includes any payments designated and confirmed under ¶ 5(A) of the 2006 version of TXEB Local Form 3015-a.

☑ **None.** No additional Tax/Other Priority Claims designated for treatment under **§ 4.6** of the Plan. [10]

☐ **Part 8** of the Plan is **MODIFIED** with the inclusion of the following Special Provision:x.

> Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Modification Motion is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in ¶ 3 of this Modification Motion.***
>
> Starting with the tax year 2015, all future tax refunds which Debtor(s) receive during the term of the plan, if any, shall be turned over to the Trustee within ten(10) days of receipt of such, to the extent said refund exceeds $3,408.00, and shall be added to the base. Whether or not a tax refund is due, Debtor shall provide a copy of their tax return to the trustee within ten(10) days of filing such during the term of the plan.

5. **Request for Additional Attorney's Fees (Expiration of Benchmark Fee Period Only):**

    LBR In light of the fact that the Benchmark Fee Period under 2016(h) expired prior to the filing of this motion, the Debtor's attorney   Tagnia F. Clark                      requests an additional award of $ ,1,100.00   to be paid pursuant to § 4.3 of the confirmed Plan for legal services rendered and for reimbursement of expenses incurred with regard to the preparation and filing of this Modification Motion and other documents pertaining thereto. This award would be in addition to any other fees previously awarded or paid in this case and shall be paid in a manner consistent with § 9.2 of the confirmed Plan.

    WHEREFORE, the Movant, as identified in ¶ 1 herein, respectfully prays that the foregoing Modification Motion be granted, that the Debtor's Plan be modified in the manner set forth herein, that, if applicable, any request for additional attorney's fees as set forth in ¶5 be granted, and that such other and further relief be granted in this regard as may be appropriate under the circumstances.

**MAIDA CLARK LAW FIRM, P.C.**
**4320 Calder Avenue**
**Beaumont, Texas  77706**
**(409) 898-8200; Fax No. (409) 898-8400**

BY:    */s/ Tagnia Fontana Clark*
        Tagnia Fontana Clark
        State Bar No. 24007194

**ATTORNEYS FOR DEBTOR**